# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT DOMBROSKY, | |
| Plaintiff | CIVIL ACTION NO. 3:09-CV-02579-ARC |
| v. | |
| RAYMOND BANACH, ROBERT BROWN, LESTER BUCHANAN, ROBERT EWBANK, PAUL FISCHER, RICHARD GASSMAN, JAMES MUIR, ROBERT STEVENS, CHAD STEWART, EASTMAN PIKE REGIONAL POLICE COMMISSION, and WESTFALL TOWNSHIP, | (JUDGE CAPUTO) |
| Defendants | |

## MEMORANDUM

Presently before the Court are Motions to Dismiss Plaintiff's Amended Complaint brought on behalf of Defendants James Muir, Chad Stewart, Westfall Township, Raymond Banach, Lester Buchanan, Robert Ewbank, and Paul Fischer (Doc. 37), and Defendants Richard Gassman, Robert Stevens, Eastern Pike Regional Police Commission, and Robert Brown. (Doc. 36.) For the reasons discussed more fully below, both Motions to Dismiss will be denied.

## BACKGROUND

On May 5, 2009 Plaintiff filed his Amended Complaint against Defendants Raymond Banach, Robert Brown, Lester Buchanan, Robert Ewbank, Paul Fischer, Richard Gassman, James Muir, Robert Stevens, Chad Stewart, Eastman Pike Regional Police Commission, and Westfall Township alleging violations of Plaintiff's federal constitutional rights and state law. (Doc. 31.) These allegations stem from Plaintiff's failure to be reinstated as a police

officer with the Westfall Police Department after a voluntary leave of absence. Plaintiff took the leave following his being charged with criminal violations in New York on July 16, 2007. (Am. Compl. ¶ 28.) According to the terms of the leave of absence, Plaintiff would not receive pay pending resolution of the criminal charges, but if, acquitted, he would be reinstated and receive backpay. (Id.) After being acquitted of the charges, Plaintiff sought reinstatement with the Eastman Pike Regional Police Commission, which had absorbed Westfall Township's police department under a Regionalization Agreement. On March 26, 2008, Plaintiff received a certified letter that there was no full-time police officer position available. (Am. Compl. ¶ 31.) Plaintiff then retained counsel and sent certified letters to Westfall Township's solicitor and then to each member of the Eastman Pike Regional Police Commission demanding reinstatement.

On April 10, 2009, Westfall Township filed for bankruptcy in the US Bankruptcy Court for the Middle District of Pennsylvania. On its first amended list of creditors and claims, filed on July 14, 2009, Westfall Township stated that it owed Plaintiff backpay in the amount of sixteen-thousand six-hundred and twelve dollars ($16,612) unsecured. After receiving relief from the automatic stay, Plaintiff received sixteen-thousand seven-hundred and seven dollars and thirty cents ($16,707) from Westfall Township on April 27, 2010. (Am. Compl. ¶ 37.)

After making numerous demands to be reinstated, Plaintiff brought the instant suit, which was amended on May 24, 2010. (Doc. 31.) Plaintiff's Amended Complaint brings claims for violation of his due process rights under the 14th Amendment (Count I), violation of the Police Tenure Act (Count II), and breach of contract (Count III), or, in the alternative, impairment of contract (Count IV). Plaintiff seeks compensatory damages, punitive

damages, and restoration to active duty with backpay and interest.

Defendants filed a motion to dismiss Plaintiff's Complaint on June 11, 2010 (Doc. 36) and a motion to dismiss Plaintiff's Amended Complaint on June 14, 2010. (Doc. 37.) Defendants argue in their Brief in Support of their Motion to Dismiss that the Police Tenure Act doesn't apply to the Plaintiff; that the Defendants have qualified immunity; and that the Plaintiff fails to state a claim against the township. They also ask that certain portions of Plaintiff's Amended Complaint be stricken as irrelevant and impertinent. Since the issues raised in Defendants' Brief in Support of their Motion to Dismiss don't completely align with the issues raised in the Motion itself, only those issues analyzed in their Brief will be evaluated by this Court. *Rife v. Borough of Dauphin*, 647 F.Supp. 2d 431, 442 (MDPA 2009) (quoting *Amtrak v. Pa. Pub. Util. Comm'n*, 342 F.3d 242, 259 n.14 (3d Cir. 2003).

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair

notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

4

**DISCUSSION**

**A. Violation of the Police Tenure Act**

Defendants argue that Police Tenure Act does not apply to Plaintiff, as he was not a full-time police officer when he was informed on March 26, 2008 that he would not be re-instated. (Br. 5.) This Act, in pertinent part, reads:

> No person employed as a regular full-time police officer in any police department of any township of the second class, or any borough or township of the first class within the scope of this Act...shall be suspended, removed or reduced in rank except for the following reasons...

53 P.S. § 812.

Defendants appear to be arguing that since Plaintiff was on a leave of absence at time decision to not re-instate him was made, he is not protected by the Act. However, an employee on leave of absence is still an employee. *Rhett v. Carnegie Center Associates*, 129 F.3d 290, 295 (3d Cir. 1997). Plaintiff alleges that it was agreed, in discussion with Defendants, that he would take an unpaid leave of absence while the criminal charges against him were adjudicated, and that he would be re-instated with back pay if he was acquitted. Since he was not re-instated following his acquittal, and thus effectively terminated, Plaintiff has stated enough facts that are plausible on their face that the Police Tenure Act, as well as his due process rights under federal law, were violated.

Defendant Eastern Pike Regional Police Department in their Brief in Support of Their Motion to Dismiss (Doc. 38) adds to this line of argument the claim that they are not subject to the Police Tenure Act, as they are not a "township." However, Plaintiff alleges that the Regionalization Agreement was not meant to reduce staff or dissolve the Westfall Township Police Department, but rather was implemented for strategic, law-enforcement purposes.

As a result, Plaintiff has alleged enough in his Amended Complaint to make out a claim that Eastern Pike Regional Police Department meets the requirements for liability under the Police Tenure Act.

    **B.    Qualified Immunity Defense**

The individual Defendants also argue that, as government officials, they are entitled to qualified immunity. (Br. 6.) According to the test laid out by the US Supreme Court, government officials are generally "shielded from liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Plaintiff has alleged that he was not re-instated as a full-time police officer following his acquittal, and thus essentially terminated, without due process. In *Board of Regents v. Roth*, 408 U.S. 564 (1972), the US Supreme Court established that in the area of public employment, employees have a property interest in continued employment that is protected by due process. Furthermore, the Pennsylvania Supreme Court has clearly established that a governmental employee has a property right in their employment when they can establish a legitimate expectation of continued employment through a contract or statute. *Pipkin v. Pa. State Police*, 548 Pa. 1, 6 (Pa. 1997). Therefore, since a public employee's property interest in their continued employment is a clearly established constitutional right of which a reasonable person would have known, this Court finds that Defendants are not entitled to qualified immunity.

### C. Pennsylvania Tort Claims Act

Defendants also claim immunity under The Pennsylvania Tort Claims Act. (Br. 7.) This Act grants municipalities, municipal agencies, and municipal officers acting in their official capacity immunity from liability for all state law tort claims. *See* 42 PA. CONS. STAT. § 8541, et seq. However, the Act has no force when applied to federal claims, such as the Plaintiff's due process. *See Wade v. City of Pittsburgh,* 765 F.2d 405, 407 (3d Cir.1985). Regarding the state law claims, at least one court in the Third Circuit has held that:

> the plain language of the PSTCA and the extensive case-law limits the application of the Act to actions sounding in tort, not actions in assumpsit. . .the Court has found [no authority], to support the proposition that this "Tort Claims" Act provides municipalities free reign to rescind or breach unilaterally the contracts into which they knowingly and voluntarily enter.

*Lynch v. Borough of Ambler*, 1996 WL 283643, at *3 (E.D. Pa. 1996).

This Court finds this logic persuasive, and will not dismiss the state law claims as barred by the Pennsylvania Tort Claims Act.

### D. Liability of Westfall Township

Defendants also claim that Plaintiff has failed to state a legally cognizable claim against Westfall Township. (Br. 8.) "A...Township and its Board of Supervisors can be liable for any constitutional deprivations...only if 'there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation'." *Brown v. Muhlenberg Township*, 269 F.3d 205, 214 (3d Cir. 2001) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). One way to show this direct causal link is to allege that a body, like the Township, "caused a constitutional tort through 'a policy, statement, ordinance, regulation, or decision

7

officially adopted and promulgated by that body's officers'." *Brown*, 269 F.3d at 215 (quoting *City of Saint Louis v. Praprotnik*, 485 U.S. 112, 121 (1988)).  According to 53 P.S. § 65601, townships in Pennsylvania are governed and supervised by boards of supervisors.  Since it was the board of supervisors' decision to not re-instate the Plaintiff without due process, this decision meets the "direct causal link" standard of *City of Canton v. Harris.*  As a result, Plaintiff's claim against Westfall Township will not be dismissed.

### E.     Request to Strike

Although Defendants move in their Brief (Doc. 39) to strike certain allegations contained in Plaintiff's Amended Complaint as irrelevant and impertinent, their Rule 12(b)(6) Motion to Dismiss does not include a Rule 12(f) Motion to Strike.  According to Rule 7(b)(1), F.R.Civ.P.: "a request for a court order must be made by motion.  The motion must:. . . (B) state with particularity the grounds for seeking the order. . ."  Since the Defendants have not raised this issue by Motion, they cannot raise it for the first time in their Brief.  In consequence, their move to strike will be denied.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motions to Dismiss Plaintiff's Amended Complaint will be denied. (Doc. 36, 37.) Plaintiff has stated sufficient facts to state a claim for relief under both federal and state law for violations of Due Process, the Police Tenure Act, and breach of contract. An appropriate order follows.


| | |
|---|---|
| 9/21/10 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT DOMBROSKY, | |
| Plaintiff | CIVIL ACTION NO. 3:09-CV-02579-ARC |
| v. | |
| RAYMOND BANACH, ROBERT BROWN, LESTER BUCHANAN, ROBERT EWBANK, PAUL FISCHER, RICHARD GASSMAN, JAMES MUIR, ROBERT STEVENS, CHAD STEWART, EASTMAN PIKE REGIONAL POLICE COMMISSION, and WESTFALL TOWNSHIP, | (JUDGE CAPUTO) |
| Defendants | |

## ORDER

**NOW**, this ___21st___ day of September, 2010, IT IS HEREBY ORDERED that:

1. Defendants motions to dismiss are **DENIED**.

2. Defendants move to strike is **DENIED**.

                                                        /s/ A. Richard Caputo  
                                                        A. Richard Caputo  
                                                        United States District Judge