**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT A. DOMBROSKY,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND BANACH, ROBERT BROWN, LESTER BUCHANAN, ROBERT EWBANK, PAUL FISCHER, RICHARD GASSMAN, JAMES MUIR, ROBERT STEVENS, CHAD STEWART, EASTERN PIKE REGIONAL POLICE COMMISSION, and WESTFALL TOWNSHIP<br><br>Defendants. | CIVIL ACTION NO. 3:09-CV-2579<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court are Plaintiff's Motion for Summary Judgment and Defendants' Motions to Dismiss Plaintiff's Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(d). Because discovery in this case is ongoing, Plaintiff's motion is premature and will be denied. Defendants' motions will be granted.

### **I. Background**

This matter stems out of the termination of a police officer, Plaintiff Robert Dombrosky. Mr. Dombrosky filed suit against Westfall Township and its supervisors (the "Westfall Defendants") as well as the Eastern Pike Regional Police Commission and its commissioners (the "Eastern Pike Defendants"). In his amended complaint, filed May 24, 2010, Mr. Dombrosky asserts four claims: (1) a due process violation; (2) a violation of the Police Tenure Act; (3) breach of contract; and, alternatively, (4) a violation of the Contract

Clause of the federal Constitution. He seeks compensatory and punitive damages, back pay, reinstatement, and attorneys fees and costs.

On May 18, 2011, I issued a Case Management Order. That Order stated, "All fact discovery shall be commenced in time so as to be completed by December 30, 2011." Defendant Lester Buchanan was deposed on May 26, 2011. The parties then attempted to schedule a deposition for Mr. Dombrosky. On July 15, 2011, before Mr. Dombrosky had been deposed, he filed a motion for summary judgment. Defendants responded with motions to dismiss his motion for summary judgment; the Westfall Defendants filed their motion on July 29, 2011 and the Eastern Pike Defendants filed on August 12, 2011. Mr. Dombrosky's deposition took place on August 30, 2011.

All motions have been fully briefed and are ripe for disposition.

## II. Discussion

Defendants move to dismiss Plaintiff's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d). Rule 56(d) allows a nonmovant to show by affidavit or declaration that "it cannot present facts essential to justify its opposition." The nonmovant's affidavit must explain "what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 255 n.3 (3d Cir. 2007). Where the nonmovant succeeds in this showing, the court may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

District courts "usually grant properly filed Rule 56[d] motions as a matter of course," especially when "there are discovery requests outstanding or relevant facts are

2

under the control of the moving party." *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 309-10 (3d Cir. 2011) (quoting *Doe*, 480 F.3d at 257). A court "is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery," *Doe*, 480 F.3d at 257 (quoting *Dowling v. City of Philadelphia*, 855 F.2d 136, 139 (3d Cir. 1988)), because "by its very nature, the summary judgment process presupposes the existence of an adequate record," *id.* (citing Fed. R. Civ. P. 56(c)). Thus, "[i]f discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting the motion." *Id.* (citing *Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 845-46 (3d Cir. 1992)).

Because Defendants have shown they cannot present facts essential to justify their opposition to summary judgment, Mr. Dombrosky's motion will be denied. In their affidavits, the Defendants stated that Mr. Dombrosky's deposition was necessary in order to fully defend against summary judgment. Plaintiff's counsel suggested in a recent letter to the Court that because Mr. Dombrosky's deposition has been completed, Defendants can no longer object to summary judgment. This is incorrect, as the Westfall Defendants also asserted in their affidavit that they seek to depose other witnesses such as Mark Mogila. Mr. Dombrosky further argued in his opposition briefs that Defendants were not specific enough as to what particular information they sought. Defendants' affidavits, however, meet the standard under Rule 56(d) by explaining they need further discovery as to the existence of a valid oral employment agreement, any potential process received by Mr. Dombrosky, and any mitigation. Finally, it must be noted that in his letter, Plaintiff's counsel refers to future depositions; Defendants confirm that Plaintiff's counsel

3

has noticed the deposition of eleven individuals.  Thus, it is apparent that both parties are still engaged in the discovery process.  This is reasonable, given that the discovery deadline is not until December 30.  Because discovery is ongoing, Mr. Dombrosky's motion for summary judgment was filed prematurely and must be denied.

### III. Conclusion

For the reasons explained above, summary judgment will be denied to the Plaintiff and Defendants' Rule 56(d) motions will be granted.  An appropriate order follows.


 November 30, 2011                                              /s/ A. Richard Caputo
Date                                                            A. Richard Caputo
                                                                United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT A. DOMBROSKY,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND BANACH, ROBERT BROWN, LESTER BUCHANAN, ROBERT EWBANK, PAUL FISCHER, RICHARD GASSMAN, JAMES MUIR, ROBERT STEVENS, CHAD STEWART, EASTERN PIKE REGIONAL POLICE COMMISSION, and WESTFALL TOWNSHIP<br><br>Defendants. | CIVIL ACTION NO. 3:09-CV-2579<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this  30th  day of November, 2011, **IT IS HEREBY ORDERED** that:

(1) Defendants' Rule 56(d) motions (Docs. 70 and 76) are **GRANTED.**

(2) Plaintiff's motion for summary judgment (Doc. 65) is **DENIED.**


          /s/ A. Richard Caputo  
          A. Richard Caputo  
          United States District Judge