**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT A. DOMBROSKY,  <br><br>Plaintiff,  <br><br>v.  <br><br>RAYMOND BANACH, ROBERT BROWN, LESTER BUCHANAN, ROBERT EWBANK, PAUL FISCHER, RICHARD GASSMAN, JAMES MUIR, ROBERT STEVENS, CHAD STEWART, EASTERN PIKE REGIONAL POLICE COMMISSION, and WESTFALL TOWNSHIP  <br><br>Defendants. | CIVIL ACTION NO. 3:09-2579  <br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court are two motions for reconsideration of the Memorandum issued on May 24, 2012 (Doc. 139) and Revised Order issued on June 1, 2012. (Doc. 141.) Plaintiff Robert Dombrosky seeks reconsideration of the Revised Order granting summary judgment for the Eastern Pike Regional Police Commissioners and its Chief of Police,[1] and Mr. Dombrosky also seeks reconsideration of the denial of his summary judgment motion on his due process claim. (Doc. 144.)  The Westfall Defendants[2] seek clarification and reconsideration of the Court's Revised Order. (Doc. 142.)  For the reasons that follow, Plaintiff's motion will be denied and the Westfall Defendants' motion for reconsideration will be denied, but the Westfall Defendants' motion for clarification will be granted as they may

---

[1] The Eastern Pike Commissioners are Robert Brown, Lester Buchanan, Paul Fischer, Richard Gassman, and Robert Stevens and its Chief of Police is Chad Stewart.  Along with the Eastern Pike Regional Police Commission (the "Commission"), these Defendants will be referred to as the "Eastern Pike Defendants."

[2] The Westfall Defendants are Westfall Township and its supervisors Lester Buchanan, Robert Ewbank, Paul Fischer, and James Muir.

proceed to trial on their cross-claims against the Eastern Pike Regional Police Commission.

## I. Background

As the facts are set forth in detail in my May 24, 2012 Memorandum, it is unnecessary to repeat them here at length. It is enough to state that this action stems from Plaintiff Robert Dombrosky's former employment as a police officer with the Westfall Township Police Department ("WTPD"). After being charged with a crime, Mr. Dombrosky agreed to take an unpaid leave of absence pending the disposition of the charges. In the meantime, Westfall Township entered into an agreement with Matamoras Borough to merge their respective police departments into a new regionalized police department, to be known as the Eastern Pike Police Department ("EPPD"). Mr. Dombrosky attempted to return to work upon his acquittal, but he was advised that due to the merger, his position no longer existed. This action was then commenced by Mr. Dombrosky against Westfall Township, the Westfall Township Supervisors, the Eastern Pike Regional Police Commission, the Eastern Pike Regional Police Commissioners, and the chief of police of the EPPD.

## II. Discussion

### A.   Legal Standard

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry. Fed. R. Civ. P. 59(e). Alternatively, when the reconsideration motion is not to amend or alter the judgment pursuant to Rule 59, Middle District of Pennsylvania Local Rule 7.10 allows a party to seek reconsideration within fourteen(14) days of entry of an order. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an

intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 05 1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa.1999).

**B.    Mr. Dombrosky's Motion for Reconsideration**

Mr. Dombrosky requests reconsideration of ¶ 3 of the Revised Order insofar as it grants summary judgment to the Eastern Pike Regional Police Commissioners and Chief of Police Stewart. Additionally, Mr. Dombrosky seeks reconsideration of ¶ 4(b) of the Revised Order which denied his motion for summary judgment on his due process claims. Mr. Dombrosky's motion for reconsideration will be denied because there is no clear error of fact or law that needs to be corrected to prevent a manifest injustice from occurring.

First, as to the grant of summary judgment to the Eastern Pike Regional Police Commissioners and Chief of Police Stewart, I noted previously that the Eastern Pike Defendants were not a party to the agreement between Westfall Township and Mr. Dombrosky that he would be reinstated upon an acquittal of his criminal charges. (Doc. 139, 16.) Mr. Dombrosky argues, however, that although this finding supports the dismissal of the Commission, it is immaterial to the liability of the Eastern Pike Commissioner

3

Defendants and Chief of Police Stewart whom Plaintiff claims all individually participated in depriving him of his constitutional rights. I disagree. In particular, as these individual Defendants were not parties to the agreement with Mr. Dombrosky, they were not responsible for not intervening or acquiescing in an employment decision with Plaintiff as he was never employed by the Commission. And, it is for that reason that Defendants Brown, Buchanan, and Fisher were all dismissed in their capacity as Eastern Pike Regional Police Commissioners but not as Westfall Township Supervisors. (Doc. 141, ¶ 3.) And, because Defendants Gassman and Stevens were not Westfall Township Supervisors at the time Mr. Dombrosky reached his agreement with Westfall Township, they were not parties to that agreement and they were properly dismissed from this action. Lastly, Police Chief Stewart was properly dismissed from this action because his conduct in making a list of active police officers that did not include Mr. Dombrosky (because he was still on unpaid leave at the time) did not violate Plaintiff's rights. Accordingly, Mr. Dombrosky's motion for reconsideration of ¶ 3 of the Revised Order will be denied.

Second, Mr. Dombrosky seeks reconsideration of the denial of summary judgment on his due process claim. As to the Eastern Pike Defendants, I previously determined that Plaintiff's theory of successor liability does not apply and therefore his motion for reconsideration as to the due process claim against the Eastern Pike Defendants will be denied. Additionally, as to the Westfall Defendants, Mr. Dombrosky argues that "the court was diverted by the 'reorganization exception,' whereby a public employee's substitute right to his employment is circumscribed where a government abolishes a department or position or reduces its workforce for economic reasons." However, as Plaintiff has not presented any previously unavailable evidence or demonstrated a clear error of fact or law and he merely raises previously rejected arguments, Mr. Dombrosky's motion for reconsideration as to the denial of summary judgment on his due process claim will be denied.

In sum, because Mr. Dombrosky has not identified any manifest errors or law or fact in his motion, his request for reconsideration will be denied.

**C.     The Westfall Defendants' Motion for Clarification and Reconsideration**

The Westfall Defendants seek clarification or reconsideration on three issues. First, the Westfall Defendants assert that an injustice would be created if their cross-claims against the Eastern Pike Regional Police Commission were dismissed because they have a separate and distinct basis for indemnification and contribution against the Commission for Plaintiff's claims. Second, the Westfall Defendants assert that I improperly interpreted the language of the Regionalization Agreement. Lastly, they argue that finding the Westfall Defendants liable under Count II of the Amended Complaint was an error because the reorganization exception applies to Police Tenure Act claims.

The first issue raised by the Westfall Defendants is "for clarification on whether their cross-claims against the Commission may proceed to trial because, even if Plaintiff does not have a claim for liability against the Commission, the Township and Township Defendants have grounds for indemnification and contribution on several points." (Doc. 143, 5.) The Westfall Defendants seek clarification because "the Township and Township Defendants basis for liability against the Commission was not considered because, presumably, that issue was not before the Court when deciding the cross summary judgment motion." (*Id*. at 4-5.) Yet, the Revised Order declares that "[j]udgment shall be entered in favor of the Eastern Pike Regional Police Commission . . . on all counts." (Doc. 141, ¶ 3.) As such, the Westfall Defendants request that their cross-claims against the Commission be permitted to proceed to trial.

In opposition, the Commission raises a number of arguments disputing the Westfall Defendants' claim that it is contractually obligated to indemnify the Westfall Defendants. Noticeably absent, however, from the Commission's opposition is any response to the

5

Westfall Defendants' key point- that the Commission did not move for summary judgment against the Westfall Defendants' on their cross-claims for contribution and indemnification. Indeed, a review of the Eastern Pike Defendants' Motion for Summary Judgment confirms that the Commission did not move for summary judgment on the Westfall Defendants' cross-claims: "[n]o genuine dispute as to any material fact exists *with respect to the claims of Plaintiff Robert Dombrosky ("Plaintiff")* as against the Eastern Pike Defendants, therefore the Eastern Pike Defendants are entitled to judgment thereon as a matter of law." (Doc. 108, 1-2) (emphasis added). Thus, the issue of the Commission's liability on the Westfall Defendants' cross-claims was not before the Court when I decided the parties' summary judgment motions. As such, I will clarify the Revised Order and the Westfall Defendants' cross-claims against the Commission may proceed to trial.

The second issue raised by the Westfall Defendants is that the Regionalization Agreement is ambiguous and should be interpreted by the finder of fact. As set forth in the May 24, 2012 Memorandum, "[w]hen the words of a contract are clear and unambiguous, the intent of the parties must be ascertained from the language employed in the contract, which shall be given its commonly accepted and plain meaning." *TruServ Corp. v. Morgan's Tool & Supply Co.*, 39 A.3d 253, 260 (Pa. 2012). A court may find a contract ambiguous "if, and only if, it is reasonably or fairly susceptible of different constructions and is capable of being understood in more senses than one and is obscure in meaning through indefiniteness of expression or has a double meaning." *Hutchison v. Sunbeam Coal Corp.*, 519 A.2d 385, 390 (Pa. 1986) (quoting *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 614 (3d Cir. 1995)). But, "a court must not rely upon a strained contrivancy" to establish ambiguity, as "scarcely an agreement could be conceived that might not be unreasonably contrived into the appearance of ambiguity." *Id.* (quoting *Steuart v. McChesney*, 444 A.2d 659, 663 (Pa. 1982)). And, "a contract is not rendered ambiguous

6

by the mere fact that the parties do not agree on the proper construction." *Id.* (quoting *Duquesne*, 66 F.3d at 614).

Here, as I noted in the prior Memorandum, "the unambiguous language of the agreement demonstrates that Mr. Dombrosky was still employed by Westfall Township until February 21, 2008, when he received a termination letter from the Supervisors' secretary. Therefore, the Westfall Defendants' motion for summary judgment on the basis of a lack of liability must be denied." (Doc. 139, 14.)  Thus, as the Westfall Defendants have failed to demonstrate that reconsideration is mandated in this case to correct a manifest error of law or fact, the Westfall Defendants' motion for reconsideration as to this interpretation of the Regionalization Agreement will be denied.

Lastly, the Westfall Defendants argue that I committed a clear error of law in granting Plaintiff summary judgment on his Police Tenure Act claim.  Specifically, the Westfall Defendants assert that whether the reorganization exception applies to Police Tenure Act claims is a material question of fact that should go to a jury.  In opposition, Mr. Dombrosky asserts that the Westfall Defendants are rearguing a point already rejected by the Court.  In addition, Mr. Dombrosky contends that the "reorganization exception" does not apply to a case, such as this, which involves the "regionalization" or "banding together" of existing and continuing municipalities.

I agree with Mr. Dombrosky that this issue has already been addressed in the May 24, 2012 Memorandum.  Specifically, I noted that the Police Tenure Act "provides that full-time polices officers may be removed for specific reasons.  A regionalization agreement between police officers is not among the specified permissible reasons." (Doc. 139, 19.) And, as the Westfall Defendants raise the same arguments now that they advanced in opposition to Plaintiff's summary judgment motion (Doc. 120, 4-7), their request will denied because "[a] motion for reconsideration is not to be used as a means to reargue matters

7

already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). Thus, I will not reconsider my prior decision finding the Westfall Defendants liable under the Police Tenure Act.

### III. Conclusion

For the above stated reasons, Mr. Dombrosky's motion for reconsideration will be denied. Moreover, the Westfall Defendants' request for reconsideration of the Revised Order denying their summary judgment motion and granting Plaintiff summary judgment against them on Counts Two and Three of the Amended Complaint is denied. However, the Westfall Defendants' request for clarification is granted and they may proceed at trial on their cross-claims against the Commission.

An appropriate order follows.

 August 10, 2012                                  /s/ A. Richard Caputo  
Date                                              A. Richard Caputo  
                                                  United States District Judge